KING, P.J.,
Dissenting:
¶ 19. My review of the record of this case constrains me to dissent.
¶ 20. The majority affirms the denial of unemployment benefits to Otto by stating that the Board’s decision was supported by substantial evidence, and should therefore be affirmed.
¶ 21. I agree that the record contains substantial evidence which supports the Board’s denial of benefits. Indeed, I concede that the only testimony considered by the Board in the record supports the denial of benefits. However, it is this concession which also compels me to dissent.
¶ 22. For some two years prior to April 16, 2001, Otto had been employed as a childcare worker. On April 16, she left the job because of a disagreement with her supervisor. Terminated for this action, Otto filed for unemployment compensation.
¶ 23. An April 27, 2001 letter, directed to T.A. Otto, 988 CR 1409, Mooreville, MS 38857, from the claims examiner, informed Otto that benefits were denied. Otto appealed that decision, which triggered a hearing before an appeals referee.
¶24. On May 11, 2001, the appeals referee mailed notice of a May 21, 2001 hearing to Tabitha A. Otto, 988 CR 1409, Mooreville, MS 38858. Otto did not appear at the May 21, 2001 hearing. The owner and director of the childcare facility appeared and testified. Their testimony is the only testimony taken and made a part of the record.
¶ 25. Based upon their adverse testimony, the appeals referee denied benefits to Otto.
¶26. Following receipt of the appeal referee’s denial of benefits, Otto contacted Ruby Trimble of the MESC, and expressed her dissatisfaction with the denial of benefits.
¶ 27. As reduced to writing by Trimble, Otto’s dissatisfaction was “I do not agree with this decision. Also I did not get my letter to tell me when the hearing was. I have some witnesses for me.” Trimble placed this statement on a MESC computer generated form styled “Notice of Appeal To Board of Review.” Trimble had this form signed by Otto. The form is attached to this opinion as an appendix.
¶ 28. The statement attributed to Otto is a request for a hearing, not an appeal. It asks that she be given notice of the hearing date, and allowed to present her witnesses.
¶ 29. There is nothing to indicate that MESC, after receiving Otto’s statement that she wished to have her witnesses heard, gave any consideration to providing Otto with a hearing. Instead, it proceeded to decide this matter only upon the adverse testimony offered by the childcare facility owner and director. Absent some identifiable reason in the record for not giving Otto the opportunity to present her witnesses, the actions of the MESC can at best be described as arbitrary and capricious. An arbitrary and capricious act, by its very definition, is not supported by substantial evidence. Public Employees’ Retirement System v. Shurden, 822 So.2d 258(¶ 12) (Miss.2002).
¶ 30. The majority notes that, as a pro se litigant, Otto is held to the same standard as a party represented by counsel. It would appear that the majority decision *552 actually imposes a higher standard upon Otto. Under Mississippi’s notice pleading, a party is merely required to state what he wants and the basis for that request. Dynasteel Corp. v. Aztec Industries, Inc., 611 So.2d 977, 984 (Miss.1992). Otto did just that. She wanted to be notified of the hearing and present her witnesses.
¶ 31. At the least, Otto was entitled to have that desire addressed. The failure to do so was an abuse of discretion.
¶ 32. In its desire to justify, what in my opinion, is an erroneous decision, the majority states, “It is also possible that Otto decided just to appeal based on the record that there was, perhaps in frustration over the process or pessimism about the effect of a rehearing. Misunderstanding or simple resignation are both plausible.”
¶ 33. I find nothing to suggest that Otto decided to appeal on the record rather than seek a hearing. Indeed a full review of the record suggests the contrary.
¶34. In her brief filed with the Lee County Circuit Court, Otto identified two issues for the court’s consideration. The very first issue was stated as “whether another hearing should have been scheduled after I notified MESC I did not receive notice of the hearing of May 21st 2001?”
¶ 35. This does not suggest an intent to appeal solely on the existing record.
¶36. In the fact portion of her brief, Otto stated:
After I filed for unemployment and was denied benefits, I did not receive notice of the hearing date. I had been having trouble receiving my claim forms and had gone to the office several times to fill out my unemployment claim. In the decision dated 23 May 2001, I was advised that the decision would be final after 14 days from May 23 unless an appeal with the Board of review was filed, or if I did not attend the hearing I could file a written request for rehearing within 14 days. It further stated my request should state the reason I failed to attend and if good cause existed I would be granted a rehearing. It further stated this could be filed at the nearest claim office or by a letter addressed to MESC.
On May 30, 2001 I filed notice that I had not been aware of the hearing date. On the day of the hearing I was not aware the hearing was being held. There had been several prior occasions where the claim forms had not been received, and I went to the local unemployment office to obtain and submit the form. The day of the hearing I went to the office to turn in my claim form. If I had known the hearing was going to be held, I would have been there.
¶ 37. In her reply brief Otto states:
I filed an Appeal to get another hearing, but it was denied. I do not feel this is fair. They were aware that I had not received previous claims in the past, therefore they should have given me another hearing.
❖ # * H* * %
If the MESC would have only given me a fair hearing then I could have proven my case. I have witnesses that actually heard and saw what went on. Also, the day care director, Darlene Garrison, has treated previous employees with the same inappropriate behavior.
¶ 38. These things would indicate a consistent intent and desire on the part of Otto to present her case, including her witnesses. Had Otto decided to appeal solely on the existing record, her statement about having witnesses would be meaningless.
*553 ¶ 39. I would reverse and remand this matter for a hearing.
IRVING AND BRANTLEY, JJ., JOIN THIS SEPARATE OPINION.